IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLYDE MOFFETT,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-0276-CG-C |
| | ) |
| **STEPHEN BULLARD,** | ) |
| | ) |
| Respondent, | ) |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 14) and the objection of petitioner to the report and recommendation (Doc. 16). The magistrate judge found that petitioner's rights were not violated and recommended that his request for habeas corpus relief be denied. Specifically, the magistrate judge found that petitioner's claims 4 & 5 were procedurally defaulted, that petitioner has failed to establish ineffective assistance of trial or appellate counsel with respect to habeas claims 2, 3, 6, 7 and 8, and failed to establish error on the part of the trial court with respect to claim 1. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the magistrate judge and finds that petitioner's request for habeas corpus relief is due to be denied.

Petitioner's objection states that each of his claims were raised in the Alabama Court of Criminal Appeals and the Alabama Supreme Court. Petitioner's argument appears to be that claims 4 and 5 are not procedurally defaulted and, thus, that the court should address the merits of these claims. However, as the magistrate judge explained, "where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's

1

federal claims are barred," the federal court is required to "respect the state court's decision." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999).  The Alabama Court of Criminal Appeals found petitioner's claims 4 and 5 to be procedurally barred.  These claims are not procedurally defaulted because petitioner failed to raise them in state court, but because the state court concluded that the claims were barred.

Petitioner further contends that the failure to consider all claims will result in a fundamental miscarriage of justice.  However, petitioner has failed to demonstrate this contention.  As the magistrate judge explained, "a federal court is barred from reaching the merits unless the petitioner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.'" (Doc. 14, p. 16-17, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991)).  Petitioner has failed to demonstrate cause or actual prejudice.

Lastly, petitioner quotes the magistrate judge's recitation of the pleadings before the court and states that he received no exhibits and did not file a response to the respondent's answer because the court failed to direct petitioner to respond to the answer.  Petitioner then states that as such, the report and recommendation is moot.  The court notes that the only exhibits filed by respondents were filed "in support of answer" and included a certificate of service which certified that a copy of all of the exhibits were mailed to petitioner at W.E. Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama, where petitioner is currently being held. (Doc. 11).  Moreover, the exhibits merely consist of rulings and pleadings filed in petitioner's underlying state court case and appeals.  As to petitioner's objection to not being ordered to file a response, petitioner was not required or even expected to respond to

respondent's answer.  The court finds nothing to support defendant's contention that the report and recommendation is moot.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a <u>de</u> <u>novo</u> determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge is **ADOPTED** as the opinion of this court.  It is **ORDERED** that petitioner's request for habeas corpus relief is **DENIED**.

**DONE and ORDERED** this 21st day of July, 2006.

                                                       /s/  Callie V. S. Granade
                                      CHIEF UNITED STATES DISTRICT JUDGE